UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil Action No. 13-mc-96 (SRN/JSM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) ) ) |
| v. | ) **REPORT AND** ) **RECOMMENDATION** ) |
| DAVID SORENSON, individual and as President of Anderson-Sorenson Homes Inc., | ) ) ) ) |
| Respondent. | ) ) |

## I.    INTRODUCTION

This matter is before the Court on the United States of America's Petition to Enforce Internal Revenue Service ("IRS") Summonses issued to Respondent David Sorenson in both his individual capacity and as president of Anderson-Sorenson Homes, Inc. At the hearing on this Petition, Bahram Samie, Assistant United States Attorney, appeared on behalf of the United States and David Sorenson appeared *pro se*. For the reasons stated below, the Court recommends that the Petition be granted.

## II.   BACKGROUND

Internal Revenue Service (IRS) Officer Dale Mikel is investigating the federal income tax liability of Sorenson and of Anderson-Sorenson Homes, Inc. for the tax years 2010-2011. (Mikel Decl. ¶ 2.) On June 7, 2013 Mikel issued and served two administrative summonses directing Sorenson to appear on July 10, 2013, to testify and produce for examination all documents and records regarding income received from

2010-2011. (*Id.* ¶¶ 5-6, Exs. A-B.) Sorenson failed to appear, prompting the IRS to send a "last chance" letter instructing Sorenson to appear on August 14, 2013. (*Id.* ¶¶ 7-8, Exs. C-D.) Sorenson again failed to appear, prompting the United States to commence this action. (*See* Pet, Dec. 12, 2013.)

On December 16, 2013, this Court issued an Order to Show Cause, directing Sorenson to appear on February 10, 2014 and show cause why he should not be compelled to obey the summonses [Docket No. 3]. On December 19, 2013, Sorenson was personally served copies of the Order to Show Cause, Petition, Mikel Declaration and exhibits [Docket No. 4]. Sorenson appeared at the hearing and did not object to enforcement of the summonses. Rather, he informed the Court of his intent to have his accountant prepare and file the necessary tax returns within thirty days.

### III. DISCUSSION

Before enforcing a summons issued by the IRS, a court must find that the summons (1) was issued for a legitimate purpose, (2) targets information relevant to that purpose, (3) requests information not already in the IRS's possession, and (4) satisfies all administrative steps under the Internal Revenue Code. *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

At the hearing, Sorenson did not contest the summons on any of the *Powell* grounds and instead expressed the desire to comply. He asserted his belief that the 2010 and 2011 returns could be filed within thirty days. Even if Sorenson had objected, Mikel's declaration establishes that the *Powell* requirements are satisfied. The summonses were issued for the legitimate purpose of investigating the federal income tax

liability of Sorenson individually, and of Anderson-Sorenson Homes, Inc. The books, records, papers, and other requested documents and testimony are relevant to that purpose. The IRS has not obtained the documents or information through other means. Lastly, Mikel was authorized to issue the summonses, and there is no indication that the summonses do not comply with all administrative requirements.

## IV. RECOMMENDATION

The IRS summonses were issued for a legitimate purpose, seek relevant information, request information the IRS does not already possess, and all administrative requirements have been fulfilled. Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The United States of America's Petition to Enforce Internal Revenue Summonses [Doc. No. 1] be **GRANTED** and that Respondent be Ordered to obey every requirement of the IRS summonses issued on June 7, 2013 for tax years 2010 and 2011 within 30 days of the date this Report and Recommendation is adopted by the United States District Court; and

2. **JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 11, 2014

*Janie S. Mayeron*
Janie S. Mayeron
United States Magistrate Judge
District of Minnesota

## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 25, 2014**, a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.